UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ITHAL HAWKINS,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer JAMES
SCHRECK, Shield No. 11986; Police Officer ELIJAH
AUSTIN, Shield No. 14275; and JOHN and JANE DOE 1
through 10, individually an in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                        Defendants.

---------------------------------------------------------------------- x

**ANSWER TO THE
AMENDED COMPLAINT**

10 CV 5874 (JBW)(RER)

Jury Trial Demanded

            Defendant the City of New York ("City"),[1] by its attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, for its answer to the amended complaint,

respectfully alleges, upon information and belief, as follows:

            1.      Denies the allegations set forth in paragraph "1" of the amended

complaint, except admits that plaintiff purports to bring this action as stated therein.

            2.      Denies the allegations set forth in paragraph "2" of the amended

complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated

therein.

            3.      Denies the allegations set forth in paragraph "3" of the amended

complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated

therein.

---

            [1] The Court's electronic docket sheet does not reflect that proof of service has been filed with
respect to the individuals identified in the caption of the amended complaint as James Schreck
and Elijah Austin.

4.      Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that plaintiff purports to lay venue as stated therein.

5.      Denies the allegations set forth in paragraph "5" of the amended complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

6.      Paragraph "6" of the amended complaint sets forth a demand for a jury trial to which no response is required.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint.

8.      Denies the allegations set forth in paragraph "8" of the amended complaint, except admits that the City maintains a police department, and respectfully refers the Court to the New York City Charter for a full recitation of the relationship between the City and the New York City Police Department.

9.      Denies the allegations set forth in paragraph "9" of the amended complaint, except admits that James Schreck is employed by the City as a member of its police department.

10.      Denies the allegations set forth in paragraph "10" of the amended complaint, except admits that Elijah Austin is employed by the City as a member of its police department.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

13.     .Paragraph "13" of the amended complaint sets forth conclusions of law rather than averments of fact to which no response is required.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the amended complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the amended complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the amended complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the amended complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the amended complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the amended complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the amended complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the amended complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the amended complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the amended complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the amended complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the amended complaint.

40.     Denies the allegations set forth in paragraph "40" of the amended complaint, except admits that a document purporting to be a notice of claim was received by the Office of the Comptroller on November 8, 2010.

41.     Denies the allegations set forth in paragraph "41" of the amended complaint, except admits that the claim has not been settled or adjusted.

42.     Denies the allegations set forth in paragraph "42" of the amended complaint, except admits that this action was filed on December 7, 2010.

43.     Denies the allegations set forth in paragraph "43" of the amended complaint.

44.     Defendant repeats and realleges all preceding paragraph of this answer.

45.     Denies the allegations set forth in paragraph "45" of the amended complaint.

46.     Denies the allegations set forth in paragraph "46" of the amended complaint.

47.     Defendant repeats and realleges all preceding paragraphs of this answer.

48.     Denies the allegations set forth in paragraph "48" of the amended complaint.

49.     Denies the allegations set forth in paragraph "49" of the amended complaint.

50.     Defendant repeats and realleges all preceding paragraphs of this answer.

51.     Denies the allegations set forth in paragraph "51" of the amended complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the amended complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the amended complaint.

54.     Denies the allegations set forth in paragraph "54" of the amended complaint.

55.     Denies the allegations set forth in paragraph "55" of the amended complaint.

56.     Denies the allegations set forth in paragraph "56" of the amended complaint.

57.     Defendant repeats and realleges all preceding paragraphs of this answer.

58.     Denies the allegations set forth in paragraph "58" of the amended complaint.

59.     Denies the allegations set forth in paragraph "59" of the amended complaint.

60.     Defendant repeats and realleges all preceding paragraphs of this answer.

61.     Denies the allegations set forth in paragraph "61" of the amended complaint.

62.     Denies the allegations set forth in paragraph "62" of the amended complaint.

63.     Denies the allegations set forth in paragraph "63" of the amended complaint.

64.     Denies the allegations set forth in paragraph "64" of the amended complaint.

65.     Defendant repeats and realleges all preceding paragraphs of this answer.

66.     Denies the allegations set forth in paragraph "66" of the amended complaint.

67.     Denies the allegations set forth in paragraph "67" of the amended complaint.

68.     Denies the allegations set forth in paragraph "68" of the amended complaint.

69.     Defendant repeats and realleges all preceding paragraphs of this answer.

70.     Denies the allegations set forth in paragraph "70" of the amended complaint.

71.     Denies the allegations set forth in paragraph "71" of the amended complaint.

72.     Denies the allegations set forth in paragraph "72" of the amended complaint.

73.     Denies the allegations set forth in paragraph "73" of the amended complaint.

74.     Defendant repeats and realleges all preceding paragraphs of this answer.

75.     Denies the allegations set forth in paragraph "75" of the amended complaint.

76.     Denies the allegations set forth in paragraph "76" of the amended complaint.

77.     Denies the allegations set forth in paragraph "77" of the amended complaint.

78.     Denies the allegations set forth in paragraph "78" of the amended complaint.

79.     Denies the allegations set forth in paragraph "79" of the amended complaint.

80.     Denies the allegations set forth in paragraph "80" of the amended complaint.

81.     Defendant repeats and realleges all preceding paragraphs of this answer.

82.     Denies the allegations set forth in paragraph "82" of the amended complaint.

83.     Denies the allegations set forth in paragraph "83" of the amended complaint.

84.     Denies the allegations set forth in paragraph "84" of the amended complaint.

85.     Denies the allegations set forth in paragraph "85" of the amended complaint.

86.     Denies the allegations set forth in paragraph "86" of the amended complaint.

87.     Defendant repeats and realleges all preceding paragraphs of this answer.

88.     Denies the allegations set forth in paragraph "88" of the amended complaint.

89.     Denies the allegations set forth in paragraph "89" of the amended complaint.

90.     Denies the allegations set forth in paragraph "90" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

91.     The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

92.     At all times relevant to the acts alleged in the amended complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

93.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

94.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

95.     Plaintiff may not recover punitive damages from the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

96.     Plaintiff's arrest and prosecution were supported by probable cause.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

97.     Plaintiff's claims may be barred, in whole or in part, by his failure to comply with all conditions precedent to suit set forth in New York General Municipal Law §§ 50-e and 50-i.

**WHEREFORE,** defendant the City of New York requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 11, 2011

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        *Attorney for Defendant City*
                        100 Church Street
                        New York, New York 10007
                        (212) 788-1575


                        By:  _____/s/_____
                             Bradford C. Patrick
                             Assistant Corporation Counsel

- 10 -

To:    <u>BY ECF</u>
Gabriel P. Harvis, Esq.
HARVIS & SALEEM LLP
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
New York, New York 1007

Docket No. 10 CV 5874 (JBW)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ITHAL HAWKINS,

                                        Plaintiff,

                        -against-

CITY OF NEW YORK; Police Officer JAMES
SCHRECK, Shield No. 11986; Police Officer ELIJAH
AUSTIN, Shield No. 14275; and JOHN and JANE DOE
1 through 10, individually an in their official capacities,
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                        Defendants.

**ANSWER TO THE AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Bradford C. Patrick*
*Tel:  (212) 788-1575*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................., 200......*

*............................................................................. Esq.*

*Attorney for....................................................................*